**Polly Chin SUGAI, and Richard Lee Sugai and Nola Jean Sugai, by Polly Chin Sugai, their Mother and Guardian ad Litem, Plaintiffs,**

**v.**

**GENERAL MOTORS CORPORATION, and R. M. Logsdon, and A. M. Logsdon, doing business as Logsdon Motor Co., Defendants.**

**Civ. A. No. 3123.**

United States District Court, D. Idaho, S. D.

March 30, 1955.

Langroise, Clark & Sullivan, Boise, Idaho, Gallagher & Gallagher, Ontario, Or., for plaintiffs.

Willis C. Moffatt, Boise, Idaho, for defendant General Motors Corp.

Hawley & Marcus, Martin & Martin, Boise, Idaho, for defendant Logsdon.

TAYLOR, District Judge.

This cause is before the Court on defendant R. M. Logsdon's motion to dismiss and defendant General Motors Corporation's motion to separately state. The Court has heard oral argument on the motions and counsel have filed briefs.

This is an action for wrongful death. Plaintiffs are decedent's widow and two minor children, in whose behalf decedent's widow, their Mother, appears of record as Guardian *ad litem*. The complaint alleges that plaintiffs are citizens and residents of Oregon, that defendant General Motors is a Delaware corporation doing business in Idaho, and that defendant R. M. Logsdon is a citizen of Idaho doing business in Boise, Idaho, under the business name of Logsdon Motor Company. The record reveals that service of summons has never been effected on defendant A. M. Logsdon. The requisite jurisdictional amount in controversy has been alleged.

Plaintiffs assert that decedent and his widow purchased a 1952 Cadillac coupe from Logsdon during September of 1952, which automobile had been manufactured and sold to Logsdon by General Motors. They further allege that each defendant warranted said automobile to be fit for its intended use, that the automobile in fact was defective, that it was sold to decedent and his widow without notifying them of its defects while defendants knew or ought to have known of them, and that, as a proximate result of the defects in the automobile, of the parties' negligence, and of the breaches of the warranties of fitness, decedent was killed in an automobile accident on October 14, 1952, on U. S. highway 20 approximately seven and one half miles west of Boise, Idaho. It is alleged that while decedent was operating the automobile over said highway the left rear wheel and brake assembly failed, the wheel grabbed and the car went out of control leaving the

highway, rolling over and pinning decedent beneath the wrecked vehicle.

Defendant Logsdon's motion to dismiss is expressly and solely based, "upon the ground that said complaint fails to state a claim upon which relief can be granted * * * in that said complaint contains no allegation of knowledge on the part of said defendant of any defect in the automobile therein described, and fails to otherwise allege any act of negligence or fault on the part of said defendant." The allegations of negligence and knowledge on the part of said defendant contained in paragraph ten of the complaint are sufficient to negate that objection.

General Motors' motion to separately state requests that the Court order plaintiffs to set forth in separate counts the alleged contract and breach thereof and alleged negligence on the part of defendant. As will hereafter appear it will serve no practical purpose to grant this motion.

Although, strictly speaking, neither motion raises the question whether an action for damages, based solely on a breach of warranty of fitness, may be brought under the Idaho Wrongful Death Statute, this question was presented on oral argument and by the briefs. Since this question has been presented the Court has considered it and will express an opinion thereon at this time which may be beneficial in framing the issues and on trial of the cause.

Idaho's wrongful death statute reads as follows:

"5–311. Action for wrongful death.—When the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death; or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just."

Basically, the Idaho death statute is a codification of Lord Campbell's Act as are most such statutes in the various states. Therefore, constructions of corresponding statutes of many other jurisdictions are influential here in our search for legislative intent. Inasmuch as the question at hand has never been decided by the Supreme Court of Idaho, this availability of out-of-state authority is particularly important.

It is widely recognized that death statutes of this sort generally are *ex delicto* and not *ex contractu* in nature. 16 Am.Jur., Death, Section 60. Therefore, it will not suffice in this action for plaintiffs merely to allege a breach of implied warranty of fitness or of merchantability. On the contrary, to recover, they must allege and prove that one or both of the defendants were guilty of tortious conduct; in this instance, evidently negligence.

Wherein it alleges negligence, plaintiffs' complaint is founded upon the doctrine of those cases land-marked by the Cardozo opinion in MacPherson v. Buick Motor Co., 1916, 217 N.Y. 382, 111 N.E. 1050, 1053, L.R.A.1916F, 696, Ann. Cas.1916C, 440, 13 N.C.C.A. 1029. Those decisions stand for the proposition, among others, that, aside from the terms of the contract itself, a contractual *relationship* may give rise to legal obligations the breaches of which constitute tortious conduct. To this effect, Justice Cardozo wrote in the MacPherson Case (supra) as follows:

"We have put aside the notion that the duty to safeguard life and limb, when the consequences of negligence may be foreseen, grows out of contract and nothing else. We have put the source of the obligation where it ought to be. We have put its source in the law. * * Beyond all question, the nature of an automobile gives warning of prob-

able danger if its construction is defective."

Recognizing the above-noted rule of law as applicable to this cause, the complaint here under attack is not defective for having set out facts relating to the contract. Cf., 16 Am.Jur., Death, Section 73. Those allegations regarding breaches of implied warranties, however, are not pertinent.

In accordance with the foregoing, each of defendants' motions is hereby denied.